**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-2391**

SANDRA ROBINSON,

        Plaintiff – Appellant,

    v.

NIELSEN TV RATINGS,

        Defendant – Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, Chief District Judge. (3:10-cv-00009-JRS)

Submitted: April 20, 2011        Decided: May 2, 2011

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Sandra Robinson, Appellant Pro Se. John M. Barr, JACKSON LEWIS, LLP, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sandra Robinson appeals the district court's order dismissing, pursuant to Fed. R. Civ. P. 12(b)(6), her complaint against her former employer, The Nielsen Company, LLC ("Nielsen"), alleging racial discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e-2000e-17 (West 2003 & Supp. 2010). We have reviewed the record and find no reversible error with respect to the district court's adjudication of Robinson's claims of racial discrimination and hostile work environment. Accordingly, as to those claims, we affirm for the reasons stated by the district court. Robinson v. Nielsen TV Ratings, No. 3:10-cv-00009-JRS (E.D. Va. Oct. 29, 2010).

A review of the record demonstrates, however, that Robinson has alleged facts sufficient to withstand a motion to dismiss her claim of retaliation. To establish a prima facie case of retaliation, Robinson must show: (1) she engaged in a protected activity; (2) Nielsen acted adversely against her; and (3) the protected activity was causally connected to the adverse action. Holland v. Wash. Homes, Inc., 487 F.3d 208, 218 (4th Cir. 2007). In her complaint, Robinson alleges that she made three reports of racial harassment to her supervisor and that she was fired less than a month after making her third

2

report.  Accordingly, Robinson has alleged facts sufficient to withstand a motion to dismiss as to her claim of retaliation. Yahenko v. Harrah's NC Casino Co., LLC, 446 F.3d 541, 551 (4th Cir. 2006) (holding temporal proximity between protected activity and adverse action can provide prima facie showing of causality).

Accordingly, we vacate the portion of the district court's order dismissing Robinson's retaliation claims under Rule 12(b)(6) and remand for further proceedings consistent with this opinion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED